TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0161-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


ERIC TULEY WEINER                                    RESPONDENT


## OPINION AND ORDER

Eric Tuley Weiner, Kentucky Bar Association (KBA) Member Number 95736, was admitted to the practice of law in the Commonwealth of Kentucky on October 18, 2013. His bar roster address is 1387 S. 4th Street, Louisville, Kentucky 40208. In this default case under Supreme Court Rule (SCR) 3.210, the KBA Board of Governors (the Board) has recommended this Court find Weiner guilty of violating: SCR 3.130(1.15)(a)[1]; SCR 3.130(1.4)(a)[2]; SCR

---

[1] SCR 3.130(1.15)(a) ("A lawyer shall hold property of clients . . . that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client, third person, or both in the event of a claim by each to the property.").

[2] SCR 3.130(1.4)(a) ("A lawyer shall: (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules; (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished; (3) keep the client reasonably informed about the status of the matter; (4) promptly comply with reasonable requests for information; and (5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.").

3.130(1.5)(f)[3]; SCR 3.130 (1.16)(d)[4]; and two counts of SCR 3.130(8.1)(b)[5]. For these violations, which stem from two separate KBA disciplinary cases, the Board recommends Weiner be suspended from the practice of law for five years and be required to: enter into and comply with a Kentucky Lawyers Assistance Program (KYLAP) Monitoring Agreement; attend and successfully complete the Ethics and Professionalism Enhancement Program (EPEP); pay restitution; and pay the costs of this action. We agree with and adopt the Board's recommendation.

## I. FACTUAL BACKGROUND

This disciplinary action arises from two separate KBA cases. Because Weiner has failed to respond to any of the charges issued against him, this case is proceeding as a default and the facts as alleged by the KBA are uncontroverted.

---

[3] SCR 3.130(1.5)(f) ("A fee may be designated as an advance fee. An advance fee agreement shall be in a writing signed by the client evidencing the client's informed consent, and shall state the dollar amount of the fee, its application to the scope of the representation and the time frame in which the agreement will exist.").

[4] SCR 3.130(1.16)(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.").

[5] SCR 3.130(8.1)(b) ("[A] lawyer . . . in connection with a disciplinary matter, shall not: . . . (b) . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority[.]").

2

## A. KBA FILE 20-DIS-0236

Between September 1, 2020, and January 19, 2021, the KBA's Office of Bar Counsel (OBC) received approximately ten notices from PNC Bank in Louisville that Weiner's escrow account was overdrawn. OBC sent Weiner three separate letters requesting an explanation for the escrow account being overdrawn. Weiner did not respond to any of OBC's communications.

The Inquiry Commission issued a complaint in March 2021 and Weiner was served by constructive service on the Executive Director of the KBA pursuant to SCR 3.035. He did not respond. The Inquiry Commission issued a charge on July 19, 2021, against Weiner for violations of SCR 3.130(1.15)(a) and SCR 3.130(8.1)(b). Multiple attempts to serve Weiner with the charge personally and by certified mail were unsuccessful. Weiner was constructively served through the Executive Director. Weiner did not respond to the charge.

## B. KBA FILE 21-DIS-0067

Weiner was hired to represent Russell Gentry in a workers' compensation action after a workplace injury in late 2015. Initially, Weiner's representation was adequate. Gentry was awarded total disability benefits in mid-2020 but he disagreed with the duration of disability payments. He requested Weiner appeal that portion of the award. After the appeal was filed, Gentry was unable to contact Weiner at his office or on his personal cellphone. Weiner also failed to account for $2,000 Gentry had paid him to fund the appeal. Gentry was unable to obtain a refund of the advance payment and his appeal was placed in grave risk due to Weiner's failure to communicate.

3

Gentry filed a bar complaint which was constructively served on Weiner through the Executive Director on June 21, 2021, after multiple prior attempts at service by mail and in person failed. Weiner did not respond. The Inquiry Commission issued a charge on September 22, 2021, against Weiner for violations of SCR 3.130(1.4)(a), SCR 3.130(1.5)(f), SCR 3.130(1.16)(d), and SCR 3.130(8.1)(b). Weiner was personally served with the charge when it was discovered he was in custody on a pending criminal matter. Weiner filed no response to the charge.

## II. PRIOR DISCIPLINE

On January 15, 2021, Weiner was administratively suspended for failure to pay his bar dues. By this Court's order dated January 21, 2021, under SCR 3.165(1)(b) and (d), Weiner was indefinitely suspended from the practice of law in the Commonwealth of Kentucky. *Kentucky Bar Ass'n v. Weiner*, 614 S.W.3d 494 (Ky. 2021). On September 30, 2021, Weiner was suspended from the practice of law for a period of five years with three years to be served and the remaining two years probated with conditions. *Kentucky Bar Ass'n v. Weiner*, 630 S.W.3d 722 (Ky. 2021). He remains suspended under those two orders and is presently noncompliant with the conditions imposed for the probated portion of his suspension.

## III. AGGRAVATING AND MITIGATING FACTORS CONSIDERED BY THE BOARD

The known applicable aggravating factors include: (1) a pattern of misconduct; (2) multiple offenses; (3) bad faith obstruction of the disciplinary

4

process by intentionally failing to comply with rules or orders of the disciplinary agency; (4) dishonest or selfish motive; and (5) the vulnerability of the victims. Based on Weiner's failure to participate in the disciplinary process, there are no known mitigating factors.

## IV. ANALYSIS

Due to Weiner's failure to respond to the current charges, the Inquiry Commission submitted the matter to the Board under SCR 3.210(1). The Board found Weiner guilty of all counts. The Board recommends Weiner be suspended for five years, with such suspension to run concurrently with his other disciplinary suspension, and that Weiner be required to enter into and comply with a KYLAP Monitoring Agreement, attend and successfully complete the EPEP, pay restitution, and pay the costs of this action.

Neither the OBC nor Weiner has sought review of the Board's recommendation by the Court under SCR 3.370(8) and we elect not to exercise our discretion to undertake a review pursuant to SCR 3.370(9). We therefore adopt the Board's decision in accordance with SCR 3.370(10).

For the foregoing reasons, it is hereby ORDERED:

1. Eric Tuley Weiner is found guilty of violating SCR 3.130(1.15)(a); SCR 3.130(1.4)(a); SCR 3.130(1.5)(f); SCR 3.130 (1.16)(d); and two counts of SCR 3.130(8.1)(b).

2. Weiner is suspended from the practice of law in the Commonwealth of Kentucky for five years. The period of suspension shall commence on the date

of entry of this Opinion and Order and shall be served concurrently with the disciplinary suspension he is presently serving.

3. Weiner must enter into and comply with a KYLAP Monitoring Agreement.

4. Weiner must attend and successfully complete the EPEP.

5. Weiner must pay restitution.

6. If he has not already done so, under SCR 3.390, Weiner must promptly take all reasonable steps to protect the interests of his clients, including, within ten days after the issuance of this Order, notifying by letter all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel and notifying all courts or other tribunals in which Weiner has matters pending. Weiner must simultaneously provide a copy of all such letters to the Office of Bar Counsel.

7. If he has not already done so, under SCR 3.390, Weiner must immediately cancel any pending advertisements; must terminate any advertising activity for the duration of the term of suspension; and must not allow his name to be used by a law firm in any manner until he is reinstated.

8. Under SCR 3.390, Weiner must not, during the term of suspension and until reinstatement, accept new clients or collect unearned fees.

9. In accordance with SCR 3.450, Weiner is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $514.76, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting.  All concur.

ENTERED:  August 18, 2022.

_____
CHIEF JUSTICE